## WESLEY MORRISON v. AARON H. BEAN.

Where the plaintiff sues for judgment on a note and a foreclosure of a mortgage made to secure its payment, the defendant may demur to the prayer for foreclosure, on grounds apparent in the petition; and where this was done, and the entry was that the demurrer was overruled, and, the case being submitted without a jury, judgment was rendered in favor of the plaintiff, except in the particular of the foreclosure objected to by the demurrer, it was considered, that the demurrer was, in so far, virtually sustained.

The fact that the mortgage embraces a species of property not subject to foreclosure by sale under judicial process, and that all is embraced under the same prayer for foreclosure, is no reason why the property which is not exempted, should not be sold in satisfaction of the decree.

The fact that a mortgage contains a power to sell, is no objection to a suit on the note or to a prayer for foreclosure of the mortgage.

Error from Gonzales.

*Stewart & Mills* and *J. Ireland,* for plaintiff in error.

*Waul & Wilson,* for defendant in error.

HEMPHILL, CH. J.   Suit on a promissory note executed by Wesley Morrison, the plaintiff in error, to J. R. Wintry, and by him transferred to Aaron H. Bean, the defendant in error. The note was secured by a mortgage, executed by Morrison and his wife Adelia, embracing a tract of land which included their homestead, and also several slaves.   The foreclosure of the mortgage was prayed, and citation was served upon Morrison and wife, and upon Wintry.

The defendant demurred on the special ground,

1st. That the petition sought to foreclose a mortgage upon the homestead tract of land, and

2d. That the mortgage vested in the mortgagee a power of

sale, and might have been foreclosed without the vexation and expense of a judicial proceeding.

It would appear from the bill of exceptions, that the demurrer was overruled, but the entry of the judgment shows that it was overruled only in part, and from the fact that there was no order to sell the lands, we must presume that the demurrer was sustained as to the prayer for the sale of the homestead, and overruled as to the other matters in the petition.

The cause was submitted to the Court and there was judgment against Morrison and Wintry for the amount of the note and interest, and a decree that the slaves included in the mortgage be sold in satisfaction of the judgment, and that an execution issue as in ordinary cases.

Five grounds were assigned for error, which, in effect, were but a reiteration of the causes of demurrer, with the addition that it was error to enter final judgment on the demurrer, without the intervention of a jury.

As to the first ground, viz: that it was error to sustain the demurrer in part and overrule it as to the other matters in the petition, it is only necessary to say that such is believed to have been the uniform practice, in cases where there was a valid exception to a portion of the petition, but which also embraced other matters showing in themselves a good cause of action or ground for relief.

The objection that the relief sought, viz: the foreclosure of the motgage, is indivisible, is believed not to be sound. The fact that the mortgage embraces a species of property not subject to foreclosure by sale under judicial process, is no reason why the mortgagee should be denied all relief, or that the property which is not exempted, should not be sold in the satisfaction of the decree.

If there be any error in sustaining the demurrer, it was against the plaintiff, for though the homestead be exempt from forced sale, yet that would not protect the whole tract, but only the amount included in the exemption. In Sampson &

Keene v. Williamson and wife, Vol. 6 p. 102, Tex. R. a general demurrer to the petition was sustained as to so much of the petition as sought to foreclose the mortgage and sell the homestead, but was, in effect, overruled as to other matters, judgment having gone for the plaintiff on the note which had been attempted to be secured by the mortgage. In Alford's administrators v. Cochrane, 7 Tex. R, 485, which was tried before the Statute requiring the plea of limitations to be set up in the answer, it was held that the demurrer to the petition should not have been wholly overruled, but should have been sustained to an item in the plaintiff's account, barred by the Statute of Limitations.

Nor is there more force in the objection that the plaintiff, having the power to sell under the mortgage, is not entitled to apply to the Courts for foreclosure by judicial process.

I am not aware of any principle of law which would deny to the plaintiff the right of proceeding under the Statute to foreclose his mortgage. A reservation of the power to sell, in a mortgage, is but a cumulative remedy, for the benefit of the mortgagee, and it is not for the mortgagor to complain that this summary mode of foreclosure has not been adopted. No doubt some additional costs may be incurred by proceeding judicially, but these are compensated by the extension of time allowed to the defendant, and the privilege of setting up his defences. But whether one mode be more onerous than another is immaterial. The plaintiff has the power to choose, and of course he will select that which, under the circumstances, he believes will afford the most effectual relief. Should he adopt the summary method, however, the mortgagor can invoke judicial aid to secure himself from oppression, and to render any just defence available.

There was no error in the Court giving judgment without the intervention of the jury. The cause was submitted to the Court for decision. There was no defence, and if there had been any, the Court, on the submission of the parties, had com-

petent authority to decide. This power has always been exercised by the Courts, and has never been deemed an encroachment of the right of trial by jury.

Judgment affirmed.