DENNIS PERKINS V. EVA C. R. STERNE, ADMINISTRATRIX.

A mortgage is treated in equity, so completely as an incident to the debt, that the payment of it extinguishes the mortgage, without a release from the mortgagee.

The assignment of the debt, even by parol, or the delivery of a note, payable to bearer, secured by mortgage, draws after it the mortgage, as appurtenant to the debt.

But the assignment of the interest of the mortgagee in the land, without an assignment of the debt, is without meaning or use.

The creditor has no remedy upon his mortgage, after his debt is barred by limitation.

But a new promise, by which a debt, barred by the statute, is revived, will also operate as a revival of the mortgage, though there be no words to that effect in the new promise.

A debtor may revive the debt, without reviving the mortgage, by declaring such to be his intention; for, a conditional promise to pay a debt that is barred, must be taken as it is made.

ERROR from Nacogdoches. Tried below before A. W. O. Hicks. The facts are stated in the opinion.

*Clark & Walker*, for the plaintiff in error.

BELL, J.—The plaintiff in error was the plaintiff in the court below. The suit was instituted against Mrs. E. C. R. Sterne, as administratrix of her deceased husband, Adolphus Sterne. The statement of facts shows, that the plaintiff was the owner and holder of several promissory notes, executed by Adolphus Sterne, and secured by a mortgage on lands. The notes became barred by the statute of limitations, and Adolphus Sterne, after they were barred, acknowledged the notes in writing, to be just claims against him, and promised to pay them; but, in the said written acknowledgment and promise, there was no reference made to the mortgage by which the notes were secured. After the death of Adolphus Sterne, the plaintiff presented the notes and the mortgage, authenticated in due form, to the adminis-

tratrix, for her allowance of them, as claims against the estate of her deceased husband. The administratrix refused to allow any of the claims, as valid ones against the estate. This suit was instituted to establish the notes and the mortgage, as subsisting claims against the estate of the said Adolphus Sterne.

A jury was waived in the court below, and the cause submitted to the judge, who gave judgment in favor of the plaintiff for the amount of the notes. But the judge held, that the acknowledgment in writing that the notes were just demands, and the promise to pay them, did not restore vitality to the mortgage, by which the notes were secured, inasmuch as there was no reference made to the mortgage, in the acknowledgment and promise to pay; and the judge refused to make a decree for the foreclosure of the mortgage, or to adjudge that the mortgage was a valid and subsisting security for the debt due upon the notes. To test the correctness of this judgment, the plaintiff prosecutes his writ of error.

Our attention has not been directed to any case, in which it has been decided, that the revival of the debt, by a new promise to pay it, will operate as a revival of a mortgage given to secure the debt, without words to that effect in the new promise. But we think that, inasmuch as the mortgage is a mere security for the debt, and something incidental thereto, it must be held to be revived by the promise which revives the debt.

Many embarassing questions in relation to mortgages, and the nature of the respective estates of mortgagors and mortgagees, have been presented to the courts of other states. These questions have grown out of the different rules, which are applied to mortgages by courts of law, and by courts of equity. They have not, to any extent, embarassed the courts of this state, which exercise the powers both of courts of law and of equity. While our courts hold that a mortgage passes the legal title in the thing mortgaged to the mortgagee, yet the courts, as courts of equity, will treat the conveyance as a security for the debt, and the mortgagee can never acquire an absolute title to the thing mortgaged, as against the mortgagor, without the aid of

the proper court. The mortgage is treated in equity, as so completely incidental to the debt which it is intended to secure, that it is held, that the payment of the debt extinguishes the mortgage, and that without any release from the mortgagee. (Duty v. Graham, 12 Texas Rep. 427.)

It is also well settled, that the assignment of the debt, even by parol, draws after it the mortgage as appurtenant to the debt. (4 Kent, 161, 162.) Even in the case of a note made payable to A., or bearer, and transferable by delivery, without endorsement, any holder of such note could avail himself of the security afforded by a mortgage executed to secure its payment, because the mortgage, as an incident, would follow the note into the hands of every holder. So, on the other hand, " an assignment of the interest of the mortgagee in the land, without an assignment of the debt, is considered to be without meaning or use." (4 Kent.) And the reason is, that the principal thing always draws to it that which is accessory or incidental; so that the principal thing cannot take one direction, and that which is incident to it, another direction.

This court decided, in the case of Duty v. Graham, 12 Texas Rep. 427, that the creditor had no remedy upon his mortgage, after the debt, which the mortgage was given to secure, was barred by limitation. Chief Justice HEMPHILL, said, " The lien by the mortgage on the land was but an incident to the debt, and when the principal falls, the incident must fall with it." Now the mortgage, although held to be a security for the debt, is, nevertheless, so much a conveyance of the legal estate, that it would not be affected by the statute of limitation, but for the equitable doctrine, which treats it as incidental to the debt. The creditor is left without remedy upon his mortgage, after his debt is barred, because the courts of equity will not permit him to treat his mortgage as anything but a security for his debt; and when there ceases to be anything to secure, there must of necessity, cease also to be any security. But the mortgage, as a conveyance of the legal estate, or of a chattel interest, or whatever kind of interest it may be called, would never be barred

or robbed of its efficacy, unless the debt should become barred, or be paid. We think, then, that when the debt is restored to life, the mortgage attaches itself to it again.

There can be no doubt, that the debtor might revive the debt, and at the same time destroy the efficacy of the mortgage, by declaring such to be his intention. That would be upon the principle, that a conditional promise to pay a debt that is barred by limitation, must be taken as it is made, the condition going along with the promise.

We conclude, therefore, that there was error in the judgment of the court below, and that the same must be reversed. But the record contains no copy of the mortgage, and no description of the mortgaged property. We are, therefore, unable to render such judgment as should have been rendered in the court below; and for this reason, the cause must be remanded to the court below for further proceedings.

Reversed and remanded.