J. W. H. AND MARTHA BLACKWELL v. J. W. BARNETT ET AL.

1. LIMITATION AS TO DEBT SECURED BY MORTGAGE.—A mortgage is so completely an incident of the debt which it is given to secure, that if the debt is barred by the statute of limitations, the creditor is left without remedy upon his mortgage. If the mortgage be upon land, the creditor cannot dispossess the mortgagor by suit, after the bar of the statute is complete.

2. CASES DISCUSSED AND DISTINGUISHED. — Fisk v. Wilson, 15 Tex., 430; Ware v. Bennett, 18 Tex., 794; and Sprague v. Ireland, 36 Tex., 657, discussed.

3. CASES APPROVED.—Duty v. Graham, 12 Tex., 437; Ross v. Mitchell, 28 Tex., 150; and Perkins v. Sterne, 23 Tex., 561, approved.

4. MORTGAGE—RULE OF PROPERTY.—The doctrine that a deed of trust is but a mortgage with a power of sale, has been so long held in Texas, that it has become a rule of property.

5. MORTGAGE—POWER TO SELL.—The power of sale given to a trustee affects the remedy only, and is intended to give the creditor a speedy mode of foreclosure without resorting to a suit. The remedy is but cumulative, and suit may be instituted, when preferred.

6. INJUNCTION—LIMITATION.—The mere fact of posting notices of trust
sale by a trustee before the debt secured by the trust deed is barred,
but not in time to make the sale before the bar of limitation would be
complete, cannot be held equivalent to the institution of an " action·
or suit," which would suspend the running of limitation. ·

APPEAL from Parker. Tried below before the Hon. A. J.
Hood.

On January 13, 1874, the appellants executed and delivered
to the appellee Nathan Watson their promissory note, due
twelve months after date, for the sum of $500, in gold, draw-
ing interest at the rate of two and one-half per cent. per month
from date. On the same day, to secure its payment, they exe-
cuted and delivered to appellee J. W. Barnett a deed of trust
upon their homestead. The deed of trust was in the usual
form, and authorized the trustee to sell the homestead at the
request of the holder of the note, the sale to be made as re-
quired by the law of the State regarding sales of real estate
under execution.

On April 19, 1875, appellants paid Watson $100, in gold,
on the note. On January 4, 1879, Barnett posted notice at
the court-house door, in the town of Weatherford, that he
would sell the property described in the deed of trust on Feb-
ruary 4, 1879, that being the first Tuesday in February, 1879.
On January 13, 1879, four years from the execution, the note
expired, it having been, as above stated, executed on January
13, 1874, and being due and payable twelve months after
date.

On January 24, 1879, the appellants filed their petition in
the District Court of Parker county for a writ of injunction,
which was granted by the judge, in vacation, enjoining Barnett
from selling. They alleged that they were married; that the
estate sought to be sold was their homestead; that the notice
of sale was not sufficient in law; that it did not give a true
description of the land to be sold; that the notice did not state
for what purpose the land was to be sold, nor did it give the
name of the beneficiary in the trust, nor at whose request the

sale was to be made; that the notice did not state for what amount of money due the property was to be sold.

In their trial amendment, the appellants alleged that if the notice of sale showed, by reference to the records of Parker county, any amount to be due, the amount thus shown was not the true amount; that a less amount was due than was shown by the records; that the records showed that the sum of $1,235 was due on the note, when, as in truth, there was only $1,135 due; that the appellants never have been absent from the State; that the note executed to appellee Watson by appellants was barred by the statute of limitations; that no suit had been instituted upon the same for four years next succeeding the maturity thereof. Appellants asked that Barnett be enjoined from selling. Subsequently they made him a party, and asked that the note be adjudged a stale demand. The Hon. A. J. Hood having been of counsel for appellants, E. P. Nicholson, Esq., was, by agreement of counsel, selected as special judge. After overruling a motion to quash the injunction, he sustained a motion to dismiss the petition. The appellants, after a motion for a new trial was overruled, appealed.

*Mc Call & Mc Call*, for appellants.

I. The court erred in sustaining the motion to dissolve the injunction and to dismiss plaintiffs' bill for injunction, because the petition showed that the advertisement of sale did not give a correct description of the land to be sold, nor did it give the name of the beneficiary, nor at whose request the land was to be sold, nor did the notice give the amount due by the appellants on the note. (Paschal's Dig., art. 3776; Howard *v.* North, 5 Tex., 302.) As to how a trust with power of sale should be executed, see 2 Perry on Trusts, sec. 602q; as to what must be stated in the notice, see 2 Perry on Trusts, secs. 602q, 602s.

II. If it should be asserted that by reference to the records of Parker county the amount due upon the note could be ascertained, then we say that the petition and trial amendment

showed, and the answer admitted, that $100 had been paid on the note. Hence any amount the notice stated—if it stated any by reference to the records—to be due, was a false and untrue amount, and the notice was therefore insufficient.

The question in this case is not whether the parties could set aside the sale on account of irregularities after the same was made, nor does the question of the rights of a purchaser arise in this matter. It is a question between the parties to the transactions themselves. Now, it is true that our statute regarding advertisements does not prescribe any form of notice; but the question is, would an advertisement of a sheriff that did not state the name of the plaintiff in the suit or the amount due, or if it state an amount which is untrue, would the sale, on motion or injunction, be set aside? (Rorer on Jud. Sales, secs. 721, 732.)

III. The court erred in sustaining the motion to dismiss plaintiff's petition for that the petition showed and alleged that the note sued on was, at and before the bill for injunction was filed, barred by limitation, and that therefore the lien on plaintiff's homestead was also barred and rendered null and void in effect. (Paschal's Dig., arts. 4604, 4617; Buchanan *v.* Monroe, 22 Tex., 541; Wright *v.* Henderson, 12 Tex., 44; Given's Administrator *v.* Davenport, 8 Tex., 451; Ross *v.* Mitchell, 28 Tex., 154; Duty *v.* Graham, 12 Tex., 437; Eborn *v.* Cannon's Administrators, 32 Tex., 244; Perkins *v.* Sterne, 23 Tex., 561; Maddox *v.* Humphries, 30 Tex., 496; Tyson *v.* Britton, 6 Tex., 222; Chevallier *v.* Durst, 6 Tex., 239; Ellett *v.* Moore, 6 Tex., 245; Smith *v.* Kinney's Executors, 33 Tex., 284; Williams *v.* Durst's Administratrix, 35 Tex., 421; Gautier *v.* Franklin, 1 Tex., 732; Ayres *v.* Cayce, 10 Tex., 109; Story on Constr. of Laws, 482; Price *v.* Luter, 14 Tex., 6.)

We would remark to the court, that the opinions above cited establish the principle that a mortgage or deed of trust is a mere security for debt. They further show that statutes of limitation are statutes of repose, and are given favorable construction, that their objects may be attained. The authorities

cited above establish the principle, that when the debt is barred the mortgage is barred; that it is revived if the debt is revived, if there be no stipulation to the contrary. The statutes themselves show and define the exceptions to the running of the statute. The only one in a case of this kind is when the debtor is absent from the State. (Paschal's Dig., art. 24.)

*Shannon & Moran*, for appellees.

I. The court committed no error in sustaining the motion to dissolve the injunction and dismiss the bill. It is not necessary for the notice to state the name of the beneficiary, nor at whose request the sale is made, nor the amount of the debt, unless required by the power in the deed, or by statute. Under the power contained in the deed, the sale is required to be made as under execution from the District Court, and hence no particular form is necessary. (Paschal's Dig., art. 3776; 12 Wheat., 570; 2 Perry on Trusts, secs. 602g, 602q, 602s, 782.)

II. Neither the power nor any statute requires the notice to state the amount of the debt, or to be of any particular form. (See the foregoing authorities.)

III. The note was not barred at the date of the commencement of proceedings to foreclose, and hence appellees were in time.

We refer to Williams *v.* Pouns, 48 Tex., p. 146, as to analogy recognized by this court between foreclosure under trust deed on homestead, and suit as affected by statute of limitations. (Story Eq. Jur., sec. 1028–1028b, 1029; Angell on Lim., secs. 453–456.)

We are told that the court, through its equity lens, views the debt as the gist of the transaction, and the fee as in the mortgagor, and the mortgage merely as security for the debt. So do courts of equity universally; but they in this case, as in other cases, adjust the rights of parties in the light of statutes of the forum, and in this case allow the creditor his remedy upon the deed, and against the land at any time within twenty

years, in most States the time within which an entry may be made, or in this State the rule would be ten years.

The mortgagee takes, in the eyes of equity at least, the equitable title to realty, and it would seem that he should hold, under his solemn deed and specialty contract, a higher interest than a simple note of hand would give him, with reference to the statute of limitations. Story, Hilliard, and Angell, in the authorities above cited, elaborate these views; and as we are not aware that the present court is upon record upon this question, we have offered these observations, and hope they may at least be considered.

BONNER, ASSOCIATE JUSTICE.—The controlling question in this case is this: Can a trust deed, with power of sale, be enforced after the debt which it is given to secure is barred by the statute of limitations? For its disposition we shall adopt that rule which seems most to accord with the harmony and consistency of the general law of limitations and the tendency of most of the former decisions of this court.

The case of Sprague *v.* Ireland, 36 Tex., 657, in which the affirmative of this proposition was announced, was a contest as to the superiority of right under sales by virtue of two trust deeds, given at different times upon the same property, to secure two different debts.

In view of the opinion of the court as therein expressed, that the statute of limitations, to have been made available, should have been specially pleaded,—as this was not done, it would seem that the decision in that case might have rested upon this point.

The learned justice delivering the opinion, however, cites, seemingly with approval, Hill on Trustees, p. 341, and Gary *v.* May, 16 Ohio, 80, to the effect that a trust created by deed, for the payment of debts generally, will prevent the operation of the statute of limitations. In support of this, reference was made to the cases of Fisk *v.* Wilson, 15 Tex., 430, and Ware *v.* Bennett, 18 Tex., 794.

However authoritative the above doctrine may be in other tribunals, we think that neither the cases of Fisk *v.* Wilson and Ware *v.* Bennett, nor any other decisions of this court, have recognized it here, but that the tendency is to the contrary.

In the case of Fisk *v.* Wilson it was held, that, as to the express trust upon the land, there was no such notice of the adverse possession by the trustee as would create the bar of the statute.

The case of Ware *v.* Bennett decides that a sale under judgment of foreclosure of mortgage given to secure a debt which had been acknowledged from time to time so as to prevent the bar of the statute, was valid as against a subsequent mortgagee whose rights accrued during the time the debt under the first mortgage was valid and subsisting by reason of the acknowledgments; that such subsequent mortgagee was bound to take notice that the prior debt may not in fact have been barred. To the same effect are Heyer *v.* Pruyn, 7 Paige (N. Y.) Ch. R., 465; Hughes *v.* Edwards, 9 Wheat., (U. S.,) 497; Angell on Lim., sec. 460.

In both Sprague *v.* Ireland and Ware *v.* Bennett, *supra*, the subsequent incumbrance was given when the debt secured by the first was valid and subsisting.

If a sufficient time had elapsed to bar the debt secured by the first mortgage, and afterwards a second mortgage had been given to another party on the same property to secure his debt also, a serious doubt might arise whether a subsequent acknowledgment of the first debt, made after the second mortgage had been given, could affect the rights of the second mortgagee.

Whatever may be the rule elsewhere, it is now the settled doctrine of this court, that a mortgage is so completely an incident to the debt which it is given to secure, that if the debt is barred by the statute of limitations the creditor is left without remedy upon the mortgage; and that if it was given upon land, he cannot dispossess the mortgagor by suit of trespass to

try title or ejectment. (Duty *v.* Graham, 12 Tex., 437; Ross *v.* Mitchell, 28 Tex., 150; Perkins *v.* Sterne, 23 Tex., 561.)

In the last-named case it is said that "the mortgage, although held to be a security for the debt, is, nevertheless, so much a conveyance of the legal estate, that it would not be affected by the statute of limitation but for the equitable doctrine which treats it as incidental to the debt. The creditor is left without remedy upon his mortgage after his debt is barred, because the courts of equity will not permit him to treat his mortgage as anything but a security for his debt; and when there ceases to be anything to secure, there must, of necessity, cease also to be any security." (23 Tex., 563.)

It is also now so well settled by this court, that we cannot, without overruling a line of decisions so long established that it has become a rule of property, hold otherwise than that a deed of trust is in effect but a mere mortgage with power of sale. (McLane *v.* Paschal, 47 Tex., 369.)

The power of sale given to a trustee or mortgagee affects the remedy only, and is intended to give to the creditor a speedy mode of foreclosure, without the delay and expense of a suit. (1 Hill. on Mort., p. 90.)

In ordinary deeds of trust and mortgages, this remedy is but cumulative, and, if preferred, resort may be had to judicial proceedings. (Morrison *v.* Bean, 15 Tex., 269.)

In a case like the one now before the court, where the property consists of the homestead, which is exempt from forced sale, an ordinary mortgage would not be effectual, as it must be foreclosed by sale made under judgment of a court, and which, being a forced sale, would be invalid.

Sales of such property are, however, held to be valid when made under a power for this purpose contained in a deed of trust or mortgage. (Sampson *v.* Williamson, 6 Tex., 103.)

It may well be doubted whether this distinction is not practically more theoretical than substantial, and whether sales of the homestead under a power in a trust deed or mortgage is not an indirect mode of accomplishing that which was intended

to be forbidden by the several Constitutions of this State, and which is expressly and definitely forbidden by the present Constitution. (Const. of 1876, art. 16, sec. 50.)

Such contracts do not demand from the courts a more favorable and liberal construction than those which are sought to be enforced through the safeguards provided by law for the administration of justice.

If an ordinary suit to foreclose a mortgage could not be maintained after the debt has become barred by limitation, when this defense, as in this case, has been interposed, we cannot perceive why, in analogy to our former decisions, the bar of the statute would not be as effectual when the foreclosure was sought under a power of sale given in a trust deed or mortgage. The end sought is the same, the remedy only being different. The principles and policy which underlie the one would underlie the other. By adopting as the rule of limitation in such cases the time which would bar the right to foreclose by judicial process, ample opportunity is given within which to pursue the remedy made by the parties themselves. It would seem that if any difference should exist, no greater indulgence should be extended to one who has the remedy in his own hands and fails to use it. If he does not avail himself of it within the proper time, then, as said by Chief Justice Hemphill in Duty *v.* Graham, he "cannot justly ascribe his loss to any other cause than his own laches, nor can he require the courts to introduce new and unusual remedies." (12 Tex., 437.)

If, from any cause, it should become necessary to keep the debt alive until the sale could be had, this could be accomplished by suit and judgment thereon in a court of competent jurisdiction. (Herm. on Chat. Mort., sec. 207.) Or if, as in the case of Williams *v.* Pouns, 48 Tex., 141, the trustee was proceeding to give the notice of sale in ample time to have perfected the same before the debt became barred, and he had been prevented by injunction, then this would have stopped the

running of the statute during the time the injunction suit was pending.

In the present case, however, the notice was not posted a sufficient time to have made the sale before the note would have been barred under the statute, and the injunction was not sued out until after the bar was complete.

Our statute provides, in effect, that limitation will be suspended on all debts grounded upon any contract in writing by the commencement of an "action or suit" within four years next after the same could have been instituted. (Paschal's Dig., art. 4604.)

To decide that the mere posting notices of a trust sale before a debt secured thereby is barred by limitation, but not in time to make the sale before the bar would be complete, should be held equivalent to the institution of an "action or suit," would, we think, be the exercise of a power to create an exception to the running of the statute which belongs to the legislative, and not the judicial, department of the government.

We are of opinion that there was error in the judgment of the court dissolving the injunction and dismissing the plaintiff's suit, under the facts as shown by the record; for which error the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 19, 1879.]