**WATERS v. B. F. ELLINGTON & CO.**
(No. 3310.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 1, 1926. Rehearing Denied Dec. 19, 1926.)

**I. Chattel mortgages 12—Crop mortgage, giving mortgage lien on second year's crop for unpaid balance, held valid lien on both crops.**

Mortgage on 1924 crops, with provision giving mortgage lien on 1925 crops for unpaid balance on indebtedness secured, held a valid and enforceable lien on 1925, as well as 1924, crops.

**2. Bankruptcy 188(1)—Duly recorded crop mortgage, recognized as valid by bankruptcy court, held effectual against mortgagor's trustee in bankruptcy.**

Crop mortgage, executed for present consideration, duly recorded, and expressly recognized as valid by bankruptcy court, held effectual against mortgagor's trustee in bankruptcy to amount of debt.

**3. Courts 365—Federal courts follow state courts' decisions as to validity of chattel mortgage covering after-acquired property.**

Federal courts follow decisions of state courts on local question of validity of chattel mortgage covering after-acquired property.

**4. Chattel mortgages 12—Mortgage on crops to be grown will be enforced as lien thereon when they come into existence.**

Chattel mortgage on crops to be grown on land owned or leased by mortgagor will be enforced as lien on crops when they come into existence.

**5. Chattel mortgages 48—"Lap-over mortgage" on designated crops, to be produced by mortgagor in certain years on his farm, held not ineffectual; not being indefinite.**

Mortgage on designated crops, to be produced by mortgagor in 1924 and 1925 on his farm, held not ineffectual, though a "lap-over mortgage"; not being void for indefiniteness.

**6. Bankruptcy 433(5)—Mortgage lien on crops produced after mortgagor's discharge in bankruptcy held properly foreclosed in suit against mortgagor; no judgment in personam being involved.**

Judgment in personam not being involved, chattel mortgage lien on specially described crops, produced after mortgagor's discharge in bankruptcy without discharging or releasing lien, was properly foreclosed in suit against mortgagor.

**7. Chattel mortgages 135—Mortgage lien continues as between parties until discharged or released.**

Lien of mortgage continues as between parties until it is discharged or released.

**8. Bankruptcy 433(1)—Discharge in bankruptcy does not release liens acquired over four months before filing of petition, nor prevent their enforcement by any proceeding not involving judgment in personam (U. S. Comp. St. § 9651).**

Bankrupt's discharge does not release, discharge, or invalidate valid unsatisfied liens, acquired more than four months before filing of petition in bankruptcy and duly recorded, nor prevent enforcement thereof by any requisite proceeding not involving judgment in personam, in view of U. S. Comp. St. § 9651.

**9. Bankruptcy 143(1)—Only proceeds or value of securities exceeding indebtedness or claim secured by liens pass to bankrupt's trustee.**

Only proceeds or value of securities over and above indebtedness or claim secured by liens become and remain part of bankrupt's assets and estate and pass to trustee.

**10. Bankruptcy 323—Only indebtedness exceeding value of securities becomes allowable claim of secured creditor against bankrupt's general assets.**

Only bankrupt's indebtedness over and above value of securities becomes provable or allowable claim or debt in favor of secured

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

creditor against bankrupt's general assets and estate.

**11. Bankruptcy ⬅➡433(5)—Mortgaged property worth less than mortgage debt is secured to mortgagee absolutely by strict foreclosure, or he may resort to foreclosure and sale after discharge in bankruptcy proceedings instituted over four months after lien was given (U. S. Comp. St. § 9651).**

All liens given in good faith without fraud, more than four months before bankruptcy proceedings are instituted, being preserved by U. S. Comp. St. § 9651, if for present consideration and duly recorded, and bankrupt being discharged or released only from personal liability for indebtedness exceeding proceeds or value of securities, mortgaged property is secured to creditor absolutely by strict foreclosure, or he may resort to foreclosure and sale to enforce rights, where value of mortgaged property is less than mortgage debt.

**12. Bankruptcy ⬅➡433(5)—Discharge in bankruptcy does not extinguish mortgage debt, so as to prevent attachment of mortgage lien.**

Discharge in bankruptcy does not wipe out, pay, or extinguish mortgage debt, so as to prevent attachment of mortgage lien, as does bar of statute of limitations.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit by B. F. Ellington & Co. against Virgil J. Waters. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee, a mercantile company, brought the suit to foreclose a chattel mortgage lien on certain farm crops produced during the year 1925. The appellant executed the chattel mortgage, and was the owner of the farm on which the crops were grown. The appellant pleaded as a defense an adjudication and discharge in bankruptcy. The controversy was submitted to the trial court, and judgment was entered ·in favor of the plaintiff foreclosing the chattel mortgage lien on the crops and ordering sale thereof to satisfy $829.16. There was no personal judgment against the appellant on the note. The suit was filed August 22, 1925, and the case was tried at the March term of the court in 1926.

The facts are agreed upon, and they are as follows:

"The defendant, Virgil J. Waters, was formally declared a bankrupt on September 12, 1924, upon his application to the United States District Court for the Eastern District of Texas; on June 6, 1925, a formal order was entered granting him a final ·discharge in bankruptcy. On February 23, 1924, the defendant, Virgil J. Waters, was due and owing plaintiff B. F. Ellington & Co. an indebtedness in the sum of $947.50, and he executed a promissory note in said sum on said date, payable to the order of B. F. Ellington & Co. on December 24, 1924. At the time of the execution of the note, the defendant, Virgil J, Waters, made, executed,

and delivered to B. F. Ellington & Co. a chattel mortgage covering 'my entire crops of cotton, cotton seed, corn, potatoes, peanuts, and hay raised and grown on my farm in Cass county, Tex., during the year 1924.' Further, as the chattel mortgage reads: 'And should I fail to pay off and satisfy all my said indebtedness to the said B. F. Ellington & Co., which is secured by this mortgage, then the said B. F. Ellington & Co. shall have and I do hereby give a mortgage lien on my entire crops of cotton, cotton seed, corn, potatoes, peanuts, and hay, ribbon and sorghum cane and syrup raised by me on my farm in Cass county, Tex., during the year 1925, to secure the balance which remains unpaid on my said indebtedness secured as aforesaid.'

"This mortgage was duly registered. B. F. Ellington & Co. received the proceeds of the crops described in the mortgage for the year 1924 through the bankruptcy court; the said crops were grown on the farm of Virgil J. Waters in Cass county, owned by him. The said proceeds of the crops of 1924 reduced the said note of $947.50 by credits to the sum of $829.-16, which amount is still valid, subsisting, and unpaid, and is the part or balance of the amount now due on said original note. The mortgaged crop of 1925 was produced on the said farm. The value of the crops of 1925 was greatly less than $829.16. On May 4, 1925, the trustee in the bankruptcy proceeding filed with the referee in bankruptcy an application, which, omitting formal parts, reads: 'Your petitioner respectfully shows that he is the duly qualified and acting trustee herein; that a portion of the bankrupt's estate consists of the following: Entire crop of cotton, corn, cane, peanuts, peas, and hay raised during the year 1925, and all plow tools. That your petitioner has investigated the value of said property, and finds the same to be worthless to the estate for the reasons, viz. same are covered by a duly recorded chattel mortgage for an amount in excess of the value thereof; that it will be of benefit to the estate that petitioner be instructed to reject said property and to refuse to take same into his possession; that no previous order has been asked for or made herein. Wherefore petitioner prays for an order permitting him to disclaim title to said property and to permit him to reject same as worthless and burdensome.'

"The above application of the trustee was granted by the referee on May 4, 1925, in the following terms: 'The trustee herein having made application for an order permitting him to reject as worthless and burdensome certain property and to refuse to take same into possession, and it appearing that said order should be granted, and no one appearing in opposition thereto, it is ordered that the said trustee herein be and he is authorized and directed to reject, the property described in the above application and to refuse to take the same into his possession.'

"At the March term, 1926, of the district court of Cass county, Tex., a judgment was rendered in favor of B. F. Ellington & Co. against Virgil J. Waters, foreclosing said mortgage on the crops of cotton and corn and the other property grown by Virgil J. Waters during the year 1925 on his farm in Cass county,

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but that no personal judgment · was taken against him on account of his having been declared a bankrupt and discharged from the payment of his indebtedness."

Omitting formal parts, the judgment reads:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff take nothing by his suit by way of personal judgment against the defendant, but that plaintiff do have and recover a judgment against said defendant establishing his debt, with the foreclosure of his mortgage lien upon the property described in his petition.  It is therefore ordered, adjudged, and decreed by the court that the plaintiff's debt for the sum of $829.16 be established as a legal demand against the defendant herein for the purpose of a foreclosure as herein decreed, and that the mortgage lien of the plaintiff as it existed on February 23, 1924, upon the personal property described be and the same is hereby foreclosed upon said property, described as follows: [Here follows description.]  And that an order of sale herein issue to the sheriff or any constable of Cass county directing him to seize and sell the same in satisfaction of this judgment."

O'Neal & Harvey, of Atlanta, for appellant.
O'Neal & Harper, of Atlanta, for appellee.

LEVY, J. (after stating the facts as above).  The parties to the case agree that the only questions involved in the appeal are (1) whether or not the plaintiff, B. F. Ellington & Co., had a valid and subsisting lien on the crops produced in 1925 by the defendant, Virgil J. Waters; and (2) whether or not the lien could be legally forclosed in a suit instituted after Virgil J. Waters had been adjudged a bankrupt and had been granted a discharge in bankruptcy.

[1-5] First.  The trial court correctly decided that B. F. Ellington & Co. had a valid and enforceable chattel mortgage lien on the crops produced during the year 1924 as well as during the year 1925 by the mortgagor, Virgil J. Waters.  The mortgage being valid, it was effectual against the mortgagor's trustee in bankruptcy to the amount of the debt. The instrument was executed on February 23, 1924, and for a present consideration, and was duly recorded according to law.  The lien was not dissolved by adjudication or avoided as preferential, but, on the contrary, was expressly recognized as valid by the court of bankruptcy in the order made and appearing in the facts.  And the chattel mortgage in suit, although purporting to cover property to be acquired, was valid within the rule recognized in this state.  Federal courts follow decisions of state courts on such local questions. Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577.  A chattel mortgage on crops not in existence, and to be grown on land owned or leased by the mortgagor, will be enforced as a lien on the crops when they come into existence.  Richardson v. Washington, 88 Tex. 339, 31 S. W.

614;  Caldwell et al. v. Yarbrough (Tex. Civ. App.) 186 S. W. 350;  Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 789;  and other cases.  Even though the chattel mortgage was, as the parties call it "a lap-over mortgage," it was not on that account ineffectual, not being void for indefiniteness.  The lien attached when the crops of 1925 were actually produced.  The mortgage lien expressly covered certain designated crops to be produced in 1924 and in 1925 on the mortgagor's farm. The mortgagor was the owner of the farm, and it was contemplated that he would grow the crops mentioned.  And he did grow the crops mentioned.  The parties intended to have the proceeds of the crops of 1924, according to the value thereof, applied on the note that was owing, and, after crediting the proceeds of the 1924 crops, to have "the balance which shall remain unpaid on my said indebtedness" become payable out of the proceeds of the crops produced in 1925, according to their value.  Its terms are quite different from the terms of the chattel mortgage set out in McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131.  The mortgage being valid, it became effectual against the mortgagor's trustee in bankruptcy, although the 1925 crop was produced after the filing of the petition in bankruptcy and before discharge.  It did not fail of the continued security, because the Bankrupt Act expressly preserves all valid liens.

[6-11] Second.  A judgment in personam not being involved, the chattel mortgage lien on the specially described crops produced in 1925 was properly foreclosed in the present suit, although the mortgagor had been granted a discharge in bankruptcy.  The lien of a mortgage continues, as between the parties, until it is discharged or released.  The court in bankruptcy did not discharge or release the lien;  there being no fraudulent preference or priority given by the mortgagor debtor.  And the discharge granted the debtor or bankrupt does not release, discharge, or invalidate unpaid valid and unsatisfied liens acquired more than four months before filing of the petition in bankruptcy.  In no wise do the provisions for a full discharge of the debtor prevent the enforcement of a lien, which the statute admits as valid, by any requisite proceeding which does not involve a judgment in personam.  The present Bankrupt Act expressly preserves all liens given in good faith, and without contemplation of fraud, more than four months before the bankruptcy proceedings are instituted, in case the lien is for a present consideration and has been recorded according to law. 3 U. S. Compiled Stat. 1901, p. 3449, § 67d (U. S. Comp. St. § 9651).  It is only the proceeds or value of the securities over and above the indebtedness or claim secured by liens that become and remain a part of the assets and estate of the bankrupt and pass to the trustee.  It is only

the sum owing by the debtor over and above the value of the securities that becomes a provable or allowable claim or debt in favor of such secured creditor against the general assets and estate of the bankrupt. The preservation of such liens and the bankrupt being discharged or released only from any personal liability for the sum owing above the proceeds or values of the securities necessarily leaves the mortgagee free to pursue the necessary legal or equitable remedies to render the liens effective, in case, as here, the value of the mortgaged property is less than the mortgage debt. In such case the mortgaged property by strict foreclosure is secured to the creditor in absolute property; or he may, as he did in this instance, resort to foreclosure and sale to enforce his rights. 3 Page on Contracts (1905) sec. 1562.

[12] The appellant submits the following in support of the second question:

"Our courts have uniformly held that, where a debt is barred by limitation the mortgage is also barred. A chattel mortgage being but an incident of the debt, the payment of the debt or the extinguishment thereof for any reason extinguishes the mortgage. See Blackwell v. Barnett, 52 Tex. 326; Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72. Reasoning by analogy, it is certainly logical to say that a discharge in bankruptcy wipes out, pays, or extinguishes the debt; that therefore, the debt being thus wiped out, there is nothing left upon which to base the mortgage, and any property mortgaged which comes into existence after the discharge of the debt comes into existence without the mortgage lien attached to it."

The above rule, as to remedy invoked by appellant, is in no wise applicable to the present question, for the reasons given above, that (1) valid liens are expressly preserved to the secured creditor to the amount of the indebtedness at the time of the filing of the petition in bankruptcy; (2) only the proceeds or value of the securities over and above the indebtedness or claim secured by liens becomes and remains a part of the assets and estate of the bankrupt; and (3) the bankrupt is discharged only from any personal liability for any part of the secured indebtedness unpaid or deficient over and above the proceeds or value of the securities. With the operation of the statute of limitations the claim barred thereafter ceases in its entirety to be an enforceable, legal obligation for any purpose, although the debt was secured by a mortgage lien. Thus a well-defined difference exists in the effect of the two remedies of discharge and limitation in furtherance of their object.

The judgment is affirmed.

#### On Rehearing.

As stated in the original opinion, the suit was filed August 22, 1925, the discharge in bankruptcy was granted on June 6, 1925, the crop of 1925 was in existence before the discharge and the closing of the bankruptcy proceedings. The mortgagee had the right to hold the property, being greatly less than the debt secured, against the trustee in bankruptcy, as recognized by him in the order mentioned. And the discharge of the debtor did not prevent the enforcement of the lien in the present suit; no judgment in personam being involved.

The motion is overruled.