**PHELPS et al. v. HERMAN.**

No. 10929.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1941.

Rehearing Denied April 30, 1941.

Strickland, Ewers & Wilkins, of Mission, and Gordon Griffin, of McAllen, for appellants.

Eugene N. Catlett and E. A. McDaniel, both of McAllen, for appellee.

SMITH, Chief Justice.

On June 7, 1935, appellee, Herman, recovered personal judgment against appellant, E. E. Phelps, with foreclosure of vendor's lien upon a parcel of land in Hidalgo County belonging to appellant. At the ensuing sheriff's sale, appellee bought in the land for $100, which, when credited on the note after deducting costs of sale, left a deficiency in excess of $1,500. Another execution issued on April 30, 1936, was returned nulla bona. Abstract of the judgment was duly recorded in Hidalgo County.

Thereafter, on November 5, 1936, appellant was adjudged bankrupt in the federal court at Brownsville, and on November 16th appellee filed his judgment and abstract thereof in the bankruptcy court as a secured claim. Among the assets of the bankrupt was a certain tract of land in Hidalgo County, to which appellee's judgment lien attached automatically. It was ascertained that the encumbrances upon

this land were in excess of its value, whereupon, by due process, the trustee in bankruptcy disclaimed as to the property, and refused to administer thereon.

In due course, the trustee distributed the general assets of the bankrupt's estate, proportionately, through dividends. As the security for appellee's claim was adjudged to be far short of the amount of the claim, he was allowed to participate in the general distribution, proportionately, whereby he was paid $96.50. Appellant was discharged as a bankrupt on June 9, 1937.

Subsequently, on October 19, 1939, appellee brought this suit to establish the amount of appellant's net indebtedness to him and to foreclose the judgment lien on the land here involved, which had been excluded from administration in bankruptcy. No personal judgment was sought or recovered against appellant, but judgment was rendered establishing the amount of the debt and foreclosing the judgment lien. Appellant does not question the amount of the debt or regularity of the foreclosure proceeding, but bases his appeal on the contention that by participating in the distribution of the general assets of the bankrupt appellee waived his right to resort to his security; that his claim was thereby converted from a secured to an unsecured claim, whereby he waived his security and was relegated to the status of a general creditor. We overrule this contention.

The bankruptcy court adjudged that the security was encumbered, not only by appellee's $1,600 claim, but by a prior lien to secure a matured note for $500, plus interest and attorney's fees, and by a lien for delinquent taxes in excess of $514. The three liens aggregated more than $2,614, whereas, it was further found, the value of the security was only $800. The rule seems to be, in such cases, that where value of the security of a secured creditor equals or exceeds the amount of his claim he is not entitled to participate in the distribution of the general assets of the bankrupt estate; but where the value of the security is less than the amount of the claim the secured creditor is entitled to share, proportionately, in the general assets to the extent of the deficiency. 11 U.S.C.A. Ch. 6, § 93, Sub. e, and authorities cited thereunder; 6 Am.Jur. "Bankruptcy," §§ 122, 129; Annotation, 94 A.L.R. 469; Waters v. Ellington & Co., Tex.Civ.App.,

289 S.W. 417. That rule was applied in this case.

The fact that appellee accepted the dividend tendered him out of the bankrupt estate, and that by his receipt therefor he acknowledged settlement of the claim "in full," did not constitute a waiver of his right to exploit his security, as to which the trustee in bankruptcy had disclaimed. The object and effect of that receipt, as in full, was to acknowledge full satisfaction of the trustee's obligation to appellee.

The judgment is affirmed.