

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 12, 1963

Honorable Robert S. Calvert      Opinion No. C-143
Comptroller of Public Accounts
Capitol Station      RE:   Whether certain notice
Austin, Texas                  is a sufficient act to
                                     prevent running of
                                     limitation under Art.
                                     16.01, Title 122A,
                                     Taxation-General, R.C.S.,
                                     as amended in 1963.

Dear Mr. Calvert:

You have asked us ". . . whether the filing of notice
of State's lien under provisions of Articles 1.07, 1.07A and
1.07B, Title 122A, Taxation-General, Revised Civil Statutes
of Texas, is an Act which will protect the State's interest in
taxes due, on the transfer of no-par stock." Your inquiry is
predicated upon the Act[1] of our last Legislature which, in its
relevant portion, states:

". . . <u>No action shall be commenced or prosecuted</u>
after the expiration of one hundred and eighty (180)
days from the effective date of this Act in regard to
stock transfer taxes accruing on transfers of no-par
shares of stock prior to such effective date." (under-
scoring added.).

Our opinion is that the ". . . action . . . commenced
or prosecuted . . ." contemplated by this Act must be a suit
filed in a court of competent jurisdiction which seeks pay-
ment of the taxes referred to in the Act. Therefore, the fil-
ing of notice of the State's lien mentioned in your inquiry
would not be a sufficient action to prevent running of the
bar of limitation provided in the Act.

We quote from the following authorities:

". . . An action is a judicial proceeding, either
in law or in equity, to obtain certain relief at the

---

[1]Acts 1963, 58th Leg., Ch. 513, p. 1351, H.B. 668, which
amended Art. 16.01 of Title 122A, Taxation-General, Revised
Civil Statutes of Texas. This Article imposes a tax upon
the sale and transfer of corporate shares.

hands of the court . . ." Elmo v. James, 282 S.W. 835 (Tex. Civ. App. 1926, error dism.).

". . . To constitute the proceeding 'a suit' or 'action,' in any legal sense, it is essential that it rest in a court, with the power to hear it . . ." United Production Corporation v. Hughes, 137 Tex. 21, 152 S.W.2d 327 (1941).

Accord: Merchants' Mutual Insurance Co. v. Lacroix, 35 Tex. 249 (1871-2); Hereford Independent School Dist. v. Jones, 118 Tex. 655, 23 S.W.2d 690 (1930).

The lien provided by Articles 1.07, 1.07A and 1.07B is merely security for the tax, and when the tax is barred by limitation the State is left without any remedy upon the lien. The following authorities establish this principle with reference to debts; we hold that this principle is also applicable to the lien provisions and the taxes under consideration. Blackwell v. Barnett, 52 Tex. 326, 332-333 (1879); Hawthorn v. Coates Bros., 202 S.W. 804 (Tex. Civ. App. 1918); 36 Tex. Jur.2d 697-701, Liens, Sec. 20-23.

The amended act which states, "No action shall be commenced or prosecuted after the expiration of one hundred and eighty (180) days," is a statute of limitations, and to be available as a defense must be affirmatively pleaded. Cook v. City of Booker, 167 S.W.2d 232 (Tex. Civ. App. 1942); Attorney General's Opinion No. 0-7303 (1946) and V-39 (1947).

Limitation statutes do not release or extinguish the debt but merely affect the remedy when its enforcement is sought. Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879 (1947).

You are therefore advised that filing of notice of the State's lien pursuant to Articles 1.07, 1.07A and 1.07B of Title 122A, Taxation-General, R.C.S., is not an action which will prevent the running of limitation under Article 16.01, as amended by Acts 1963, 58th Legislature.

SUMMARY

"Filing of notice of the State's lien pursuant to Articles 1.07, 1.07A and 1.07B of Title 122A, Taxation-General, R.C.S., is not an action which will prevent the running of limitation under

Article 16.01, as amended by Acts 1963,
58th Legislature.

Very truly yours,

WAGGONER CARR
Attorney General

W. E. Allen
Assistant Attorney General

WEA/ja

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joseph Trimble
Jack Goodman
J. H. Broadhurst
J. Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone