SARAH A. CHRISTIAN *v.* CATHARINE JOHN *et al.*

(*Knoxville.*    September Term, 1903.)

1. **STATUTES OF LIMITATIONS.**    **Exception of nonresidence** **not made in statute cannot be interpolated by courts.**

    The nonresidence of the makers of a mortgage or deed of trust will not operate to stop or prevent the running of the ten years' statute of limitations (Acts 1885, ch. 9) in their favor, because no exception is made in favor of nonresidents, and the courts can not interpolate an exception into the statute. (*Post, p.* 99.)

    Code cited and construed:   Secs. 4464 and 4465 (S.).

    Acts cited and construed:   1885, ch. 9.

2. **SAME.**  **Liens not kept alive nor revived by keeping debts** **alive.**

    The liens of vendors, mortgagees, and beneficiaries under deeds of trust on land are barred at the expiration of ten years from the maturity of the original debt secured, although the debt has been kept alive by renewals of the note or promises.   After the lapse of the ten years from the maturity of the secured debt, the bar of the statute becomes complete and absolute, unless prevented by appropriate proceedings for enforcement of the lien or for the foreclosure of the mortgage or deed of trust. (*Post, pp.* 99-100.)

    Code cited and construed:   Secs. 4464 and 4465 (S.).

    Acts cited and construed: 1885, ch. 9.

    Cases cited and approved: McElwee v. McElwee, 97 Tenn., 649; Runnells v. Jacobs, 100 Tenn., 397; Bank v. Smith, 107 Tenn., 476.

3. **DEEDS OF CONVEYANCE.**    **Recital of grantee's assumption** **to pay a mortgage debt estops him to deny the existence or** **validity of the mortgage.**

Christian v. John.

The acceptance of a deed reciting that the grantee shall assume and pay a certain mortgage debt estops him to deny the validity of the mortgage, or to set up any defense to its validity, or to show that it was not an existing incumbrance at the date of the deed, because barred by the statute of limitations or void, wholly or in part, on account of usury. (*Post, pp.* 100-101.)

Cases cited and approved: Shankland v. Nelson, 1 Tenn. Chy., 459; O'Conner v. O'Conner, 88 Tenn., 76; Swope v. Jordan, 107 Tenn., 173.

4. **SAME. Grantee's assumption of mortgage debt enables mortgagee to sue thereon.**

The grantee's assumption of the grantor's mortgage debt enables the mortgagee to maintain an action thereon, though no consideration passed from the mortgagee, and he knew nothing of it at the time. (*Post, pp.* 101-103.)

Cases cited and approved: McCarty v. Blevins, 5 Yer., 195; Macon v. Sheppard, 2 Humph., 338; Mills v. Mills, 3 Head., 711; Moore v. Stovall, 2 Lea, 543.

5. **SAME. Recitals shown to be by mistake or accident, and deed reformed.**

The grantee may show by parol evidence that certain recitals in a deed, as his assumption of the grantor's mortgage debt, were inserted by mistake or accident, and, if material, may have the deed reformed for such accident or mistake. (*Post, pp.* 103-105.)

Case cited and approved: Jones v. Sharp, 9 Heisk., 660-665.

6. **SAME. Barred mortgage revived and renewed by grantee's assumption enforceable within ten years.**

The acceptance of a deed reciting that the grantee assumes and agrees to pay a certain mortgage debt already barred by the statute of limitations, and his insistence upon an enforcement of its beneficial provisions, is equivalent to a renewal of the mortgage, which may be enforced at any time within ten years from its acceptance, though he knew nothing of such recital at the time.

### FROM KNOX.

Appeal from the Chancery Court of Knox County.— JOSEPH W. SNEED, Chancellor.

W. E. DRUMMOND and PICKLE & TURNER, for Christian.

LUCKY, SANFORD & FOWLER, for John.

MR. JUSTICE MCALISTER delivered the opinion of the court.

The question presented upon this record is whether or not a certain mortgage is barred by the statute of limitations created by Acts 1885, p. 49, c. 9, which provides that "liens on realty retained in favor of vendors on the face of the deed, also mortgages, deeds of trust and assignments of realty executed to secure debts, shall be barred and liens discharged, unless suit to enforce the same be brought within ten years from the maturity of the debt. Provided that this statute shall run against existing liens only from the date of the passage of this section [act]. And provided further, that the foregoing section shall not apply to lands sold for school purposes whereon liens have been retained for the payment of the purchase money or to persons under disability until

Christian v. John.

three years after the removal of the disability." Shannon's Code, sections 4464, 4465.

The question arose in a partition suit between the heirs at law of one Agatha Christian for the division of a lot belonging to their deceased mother, situated in the city of Knoxville. One of the heirs—Catherine John, who was made a defendant to this partition suit—filed an answer and cross bill, in which she claimed that she was the owner of a certain mortgage on the land sought to be partitioned, and sought to have the debt secured by the mortgage paid out of the proceeds of·the sale of the realty. The other heirs resisted the claim of Mrs. John, and relied on the statute of limitations of three, six, seven, and ten years.

Proof was taken, and on the final hearing the chancellor decreed that the mortgage was barred by the statute of limitations of ten years. On appeal the court of chancery appeals, in a majority opinion, reversed the decree of the chancellor, and granted the relief prayed in the cross bill.

The facts found and established by the court of chancery appeals are that John Christian died in Knox county in 1879, testate, and devised to his wife, Agatha Christian, the real estate involved in this litigation. During his life, John Christian had borrowed $1,500 from one F. C. John, his son-in-law. In October, 1880, to secure this loan, Agatha Christian executed a mortgage on the lot in controversy. Agatha Christian died in 1885, leaving surviving her five children, to whom the

lot in controversy descended as tenants in common. At that time the mortgage was in existence, and had not been discharged, and was an incumbrance on said lot. F. C. John, the mortgagee, died testate August 27, 1892, and by his will all his property, real and personal, wherever situated, was devised to his wife, Catherine John.

Charles K. Christian was appointed administrator of the estate of his mother, Agatha Christian, by the county court of Knox county, Tenn., on the twentieth of March, 1886; and, as such administrator, personal property, rents, etc., came into his hands, amounting to about $1,300. In this way he became indebted to his brothers and sisters in the sum of about $1,000, which he had collected for them; and, to secure this indebtedness, on the thirty-first of October, 1893, he conveyed to them his one-fifth interest in said real estate. This deed was duly recorded on the first day of November, 1893. Said deed, after setting out the usual clauses of general warranty, recites as follows:

"Except the back taxes, and a certain mortgage and notes, which exact date and amount cannot be ascertained now, due F. C. John, or his heirs, with interest on the same, that the parties of the second part agree to pay and assume."

The vendees in said deed claim the one-fifth interest conveyed to them by Charles K. Christian under said deed, but deny the obligation of the mortgagee.

The complainant, Sarah A. Christian, in the original

bill, and all the defendants, were nonresidents of the State of Tennessee, as charged in the bill.

The court of chancery appeals further finds, viz. :

"Some of the parties knew nothing of the execution of the deed until some time afterwards, and they all testify that they never assumed in any manner the payment of said mortgage debt; and the vendor says this was no part of the consideration, and gives his reason for inserting the provision as to the back taxes and the mortgage in the deed. The deed was never seen by some of the heirs, but they do say they claim this one-fifth interest conveyed by Charles K. Christian under said deed."

The court of chancery appeals also finds that the lot was incumbered with the mortgage executed by Mrs. Agatha Christian in 1880, and had not been extended or foreclosed in 1893, when Charles K. Christian executed the deed to his brothers and three sisters, conveying his one-fifth interest in the same, as shown in that instrument.

Upon the facts stated, the majority of the court of chancery appeals was of opinion "that the acceptance of the deed of Charles K. Christian by the vendees therein obligated them to pay the mortgage to F. C. John and his heirs, and that the deed, accompanied by its acceptance by the vendees, and its registration, was equivalent, in law, to the registration of the mortgage as of the date of the deed. In other words, the acceptance of

111 Tenn—7

the deed and its registration will, in law, effect an equitable mortgage on the land conveyed to secure the debt assumed by the vendees.    [Citing 1 Jones on Mortgages, section 736.]

· "The facts found show that ten years had not elapsed from the execution and registration of the deed aforesaid of Charles K. Christian until the cross bill was filed in this case, seeking to enforce the lien.

"We readily agree that, if the acceptance of the deed of said Christian amounts only to a promise to pay the mortgage debt referred to in the deed, a right of action based on such promise would be barred in six years. But as we understand it, that is not this case.    The parties did not proceed under the cross bill upon the basis of enforcing a promise to pay a debt, but to enforce a mortgage lien.    It is said, however, that the vendees in said deed never knew anything about the provision in said deed calling for the payment of the mortgage, and never agreed to it.    But what does this signify?    They accepted the deed, and in this way claim under it.    This being so, the law makes them agree to the provision in the deed referred to, and take the legal consequences resulting from it.    They will not be permitted to accept and hold onto the benefits of the deed, and at the same time escape its burdens."

The defendants appealed, and assign as error the action of the court of chancery appeals in adjudging that cross complainant, Catherine John, was entitled to the relief sought by the cross bill, and in adjudging her right

to enforce said note and mortgage against the property in controversy, or its proceeds.

It is insisted that the court erred in its construction of said deed, and in holding that the effect of said recital was to create an equitable mortgage on said property, or to renew the mortgage executed by Agatha Christian to F. C. John; and it is earnestly insisted that this mortgage was barred by the statute of limitations of ten years created by Acts 1885, p. 49, c. 9.

We agree with counsel that the nonresidence of the parties to the deed of October 31, 1893, will not operate to stop the running of the statute. The act of 1885 only makes one exception, and that is in favor of parties under disability. There is no exception made in favor of nonresidents, and, of course, the court cannot inter-. polate an exception into the statute. The cardinal inquiry in this case is whether the recital in respect of the mortgage contained in the deed of October 31, 1893, is tantamount to a renewal of the mortgage.

It has been held by this court that under Acts 1885, p. 49, c. 9, a lien on realty is barred at the expiration of ten years from the maturity of the original debt secured, although the debt may have been kept alive, and the time of its payment postponed, by renewals of the notes within ten years next before the institution of the suit. *McElwee* v. *McElwee,* 97 Tenn., 649, 37 S. W., 560.

Again, it was held that a trust deed cannot be enforced, since Acts 1885, p. 49, c. 9, even as against the

grantor, more than 10 years after the maturity of the original note secured thereby, notwithstanding the note may have been kept alive by renewals or promises, and the indulgence and delay in enforcement of the trust deed granted at the request of the grantor. *Runnells v. Jacobs,* 100 Tenn., 397, 45 S. W., 980.

In *Bank* v. *Smith,* 107 Tenn., 476, 64 S. W., 756, this act was again before this court; and it was held that a mortgage or deed of trust cannot be saved from the bar of the statute of ten years, and its lien preserved by any new promise or renewal contract between the maker and beneficiary, although entered into before the bar of the statute had attached. After the lapse of ten years from the date of the maturity of the secured debt, the bar of the statute, if not prevented by appropriate proceedings for foreclosure, becomes complete and absolute.

It is insisted by defendants' counsel that, in view of these principles, nothing short of a new deed of trust or mortgage, executed with all the formalities prescribed by law, could revitalize this old mortgage.

We are of opinion the present case does not fall within the rule laid down in the cases cited, but is governed by the law of estoppel. The principle is that, "by the acceptance of a deed which provides that the grantee shall assume and pay a specified mortgage, he binds himself as effectually as he would by executing the deed himself as an indenture. This provision becomes an express agreement on his part for the fulfillment of which he is personally liable, not only to his grantor, but

the benefit of it inures to the mortgagee." Jones on Mortgages, section 756.

Says the same author:

"When one purchases land expressly subject to a mortgage, the land conveyed is as effectually charged with the incumbrance of the mortgage debt as if the purchaser had expressly assumed to pay it.  .  .  . The difference between the purchaser's assuming the payment of the mortgage, and simply buying subject to the mortgage, is simply that in the one case he makes himself personally liable for the payment of the debt, and in the other case he does not assume such liability. In both cases he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity—as, for instance, that the mortgage is void, wholly or in part, on account of usury." Jones on Mortgages, section 736; *Swope* v. *Jordan,* 107 Tenn., 173, 64 S. W., 52; *Shankland* v. *Nelson,* 1 Tenn. Ch., 459; *O'Conner* v. *O'Conner,* 88 Tenn., 76, 12 S. W., 447, 7 L. R. A., 33.

It will be observed that, under the stipulation contained in the deed from Charles K. Christian, the land is not only charged with the payment of the mortgage, but there is an express assumption or personal covenant on the part of the purchasers to pay that mortgage.

It is said, however, by learned counsel for defendants, that the alleged assumption of the mortgage debt is void for want of consideration, and therefore it imposes no liability upon the vendees, nor any lien upon the

property conveyed by the deed in question. It is said that for this reason the case does not fall within the principle invoked, because in such cases the amount of the mortgage was deducted from the consideration paid by the vendee, and left in his hands to be applied to the mortgage.

Again, it is insisted that the maker of this deed was not the mortgagor, and, not being personally liable to pay the mortgage debt, its assumption by his vendee was without consideration, and imposed no liability on the vendees.

But all these objections are set at rest by the express assumption of this mortgage, and the acceptance of the conveyance subject to this condition. They are now estopped to attack the validity of the mortgage, or to show that it was not an existing incumbrance at the date of their contract, because barred by the statute of limitations.

The purchasers under that deed are now affirming its validity, and claiming the undivided one-fifth interest therein conveyed to them by their brother Charles K. Christian; and, claiming the benefits conferred by that conveyance, they must assume its burdens. This principle is so universally recognized as to have become an axiom of the law. Black's Law Dictionary, 983; Broom's Legal Maxims, 706 et seq.

It is said in 1 Jones on Mortgages, section 752, viz.:

"To create a liability on the part of the grantee to pay an existing mortgage, it is not necessary that he

should sign the deed or any obligation.   His acceptance of a deed imposing this obligation upon him is all that is necessary.   .   .   .   The acceptance of the deed is a sufficient consideration for the promise to assume the mortgage debt."

Again, at section 578, the author says:

"The broad doctrine that, when one person makes a promise for the benefit of a third person, the latter may maintain an action upon it, has been adopted in several states, and in some the action may be at law.   It is not needful that any consideration should pass from such third person, or that he should know of it at the time. It is sufficient that the promise be made upon a valuable consideration passing to the grantee, who assumes the mortgage from his grantor; and the mortgagee, in adopting the act of the latter for his benefit, is brought into privity with the promisor, and may enforce the promise as if it were made directly to him."   See, also, section 764.

This is the prevailing rule in this State; *McCarty* v. *Blevins,* 5 Yerg., 195, 26 Am. Dec., 262; *Mills* v. *Mills,* 3 Head, 711; *Moore* v. *Stovall,* 2 Lea, 543; *Macon* v. *Sheppard,* 2 Humph., 338.

In this case the beneficiary of the mortgage, Mrs. Catherine John, was a party to the deed.

It is said, however, that the assumption of the mortgage was inserted in the deed as the voluntary and officious act of the maker, and that, as a matter of fact, the vendees did not assume to pay the debt, and did not

assent to the insertion of that clause in the deed.   It is insisted that it was made without the knowledge of any of the vendees.   Counsel then claim that they may show by parol proof that recitals in the deed which appear as facts are untrue, and were inserted by mistake or accident, or, if it becomes material, the deed may be reformed for such accident or mistake; citing *Jones* v. *Sharp,* 9 Heisk., 660-665; 1 Jones on Mortgages, sections 738, 745, 754; 20 Am. & Eng. Encyc. of Law (2 Ed.), p. 1102.

But a conclusive answer to this position is that the court of chancery appeals finds that these purchasers accepted the deed, and are now insisting upon an enforcement of its provisions to the extent that they may be made beneficiaries of the undivided interest of their brother conveyed to them.

In 2 Devlin on Deeds, section 1055, the rule is thus stated:

"When there is no fraud in the execution or delivery of a deed, a grantee who has accepted the deed by which he assumes and agrees to pay a certain mortgage on the premises, and to save the grantee harmless therefrom, cannot show by parol evidence that he made no such agreement, and did not know that these clauses had been inserted in the deed.   By accepting the deed, the grantee took upon himself the duty of performing the agreement contained in the deed according to its terms."

It is probably true in this State that a party may show by parol proof that certain facts recited in a deed

Christian v. John.

were inserted by mistake or accident, and, if material, may have the deed reformed for such accident or mistake. But there is no finding by the court of chancery appeals that such stipulation was inserted in this deed by accident or mistake.

There is no error in the decree, and it is affirmed.