PEOPLES BANK & TRUST CO. *v.* CHUMBLEY *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed June 10, 1939.

JOHN A. CHUMBLEY, of Manchester, for appellants.

ROBERT L. KEELE, of Manchester, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

J. Davis Wooten, on July 16, 1923, conveyed his undivided one-fourth interest in a certain tract of land located in Coffee County by mortgage deed of trust to Mrs. W. W. Chumbley, Trustee, to secure the payment to her of his note for $1703.95, of even date, due July 16, 1924. Mrs. Chumbley, on December 23, 1926, assigned this note to complainant as collateral security on a note of that date, for $1600 executed by her husband. The $1600 note not having been paid at maturity, the complainant, on November 3, 1931, foreclosed on its collateral and became the purchaser of the $1703.95 note, at the price of $55.

The Wooten trust deed, given to secure the payment of the $1703.95 note due July 16, 1924, was foreclosed, at the instance of complainant, by sale on August 9, 1934, under advertisement of foreclosure posted July 7, 1934, and complainant became the purchaser of the J. Davis

Wooten undivided interest in said land, at the foreclosure sale.

Complainant filed its original bill herein on December 1, 1935, and alleged that it was the owner of the undivided one-fourth interest of J. Davis Wooten in said land and prayed for a sale of the land for partition. The chancellor overruled the several defenses made to the bill, one of which was that the foreclosure sale was void because made after the lien of the trust deed was barred by the ten-year Statute of Limitations (Code, section 8590). On defendant's appeal, the Court of Appeals affirmed the decree of the chancellor. The petition of defendants for *certiorari* to this court has heretofore been granted and argument heard.

By one of the assignments of error it is asserted that the Court of Appeals and the chancellor were in error in holding that complainant obtained a valid title from the trustee at the foreclosure sale.

Section 8590 of the Code is as follows: "Liens on realty, equitable or retained in favor of vendor on the face of a deed, also liens of mortgages, deeds of trust, and assignments of realty executed to secure debts, shall be barred, and the liens discharged, unless suits to enforce the same be brought within ten years from the maturity of the debt."

The deed of trust was executed July 16, 1923. The note secured by it matured July 16, 1924. The foreclosure sale was had on August 9, 1934, which was more than ten years after the maturity of the debt.

The majority of the Court of Appeals held that the posting of notices of the foreclosure sale on July 7, 1934, which was less than ten years from the maturity of the debt, was sufficient to toll the statute.

■■ The statute (Code, section 8590) provides that liens on realty are barred and discharged after ten years from the maturity of the secured debt, "unless suits to enforce the same be brought within ten years from the maturity of the debt." The posting of notices of a foreclosure sale is not a "suit" "brought" and, hence, does not come within the saving clause of the statute. Such posting does not fall within the generally accepted definition of "suit."

In Webster's New International Dictionary "suit" is defined as follows: "Orig., the following or attending upon a court to obtain justice there; hence, the attempt to gain an end by legal process; an action or process in a court for the recovery of a right or claim; legal application to a court for justice; prosecution of right before any tribunal; as, a civil or criminal suit; a suit in chancery." In Bouvier's Law Dictionary (Baldwin's Ed.), 1148, it is said: "Suit is a generic term of comprehensive signification, and applies to any proceeding in a court of justice in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the recovery of a right."

■ In Jones on Mortgages, section 1546, page 1048, it is said: "The mere fact of posting notices of a trust sale by a trustee before the debt secured by the trust deed is barred, but not in time to make the sale before the bar of limitation would be complete, cannot be held equivalent to the institution of an 'action or suit,' which would suspend the running of the limitation."

■ The language of the statute is "plain, positive, and unyielding," as said in *Bank* v. *Smith*, 107 Tenn., 476, 483, 64 S. W., 756, 758. The Legislature having specified

the one exception to the bar of the statute, it is beyond the power of the courts to create another.

In *Blackwell* v. *Barnett*, 52 Tex., 326, 335, it was said: "To decide that the mere posting notices of a trust sale before a debt secured thereby is barred by limitation, but not in time to make the sale before the bar would be complete, should be held equivalent to the institution of an 'action or suit,' would, we think, be the exercise of a power to create an exception to the running of the statute which belongs to the legislative, and not the judicial, department of the government."

The only authority cited to support the conclusion reached in the majority opinion of the Court of Appeals is an expression contained in the case of *Christian* v. *John*, 111 Tenn., 92, at page 100, 76 S. W., 906, at page 907, as follows: "After the lapse of 10 years from the date of the maturity of the secured debt, the bar of the statute, if not prevented by appropriate proceedings for foreclosure, becomes complete and absolute."

It was held by the learned Court of Appeals, in the majority opinion, that the advertisement of the property for foreclosure was "an appropriate proceeding for foreclosure" within the meaning of the above sentence. We think that from a reading of the opinion in *Christian* v. *John*, *supra*, it is clearly apparent that the court did not intend by the above expression to suggest that anything less than a suit brought within ten years from the maturity of the debt would be "an appropriate proceeding for foreclosure." The court held in *Christian* v. *John*, *supra*, that the nonresidence of the makers of a mortgage will not operate to stop or prevent the running of the ten-year Statute of Limitations (Code, section 8590) in their favor, because no exception is made in favor

of nonresidents. The court said: "There is no exception made in favor of nonresidents, and, of course, the court cannot interpolate an exception into the statute." Furthermore, there was no proceeding of any sort to foreclose the mortgage within the ten-year period of limitations, and, hence, the court was not called on to pass, nor did it pass, in *Christian* v. *John, supra,* on the sufficiency of any particular proceedings to foreclose.

Our conclusion is that the decree of the Court of Appeals is erroneous, as is also that of the chancellor, and both must be reversed and the bill dismissed at the cost of complainant.