**Mary Ann SLAUGHTER,**
**Plaintiff–Appellee,**

v.

**Arthur P. SLAUGHTER, Defendant–**
**Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Dec. 12, 1995.

Permission to Appeal Denied by the
Supreme Court May 13, 1996.

B.C. McInturff, Kingsport, for Appellant.

Gwendolyn D. Burgess, Johnson City, for Appellee.

*OPINION*

McMURRAY, Judge.

This appeal resulted from a judgment by the trial court that the statute of limita-

tions had expired as to a trust deed on the property of the appellee securing an indebtedness allegedly payable to the appellant and that the appellant no longer held a lien on the subject property nor on the proceeds derived from the sale of the property. We affirm the judgment of the trial court.[1]

The appellant insists on this appeal that legal services rendered to him by his son, Frank L. Slaughter, constituted payment on the debt, thereby extending the lien of the deed of trust. He further insists that the forgiving of interest in conjunction with the legal services rendered were sufficient to toll the running of the statute of limitations.

The basic facts of the case are generally not in dispute. At the time of the loan by Arthur P. Slaughter, Frank L. Slaughter and the appellee, Mary Ann Slaughter, were husband and wife. The appellant, on April 5, 1982, loaned Frank and Mary Slaughter $166,500.00 evidenced by a demand note bearing the same date and secured by a deed of trust on 1.67 acres of land located in Bristol, Tennessee. The particular property in question became the residence of Frank and Mary Slaughter.

On July 1, 1991, Frank L. Slaughter and Mary Ann Slaughter were divorced. In the division of the property, Mary Slaughter was awarded the property. Frank L. Slaughter executed a quit claim deed conveying his interest in the property to Mary Slaughter. Under the divorce decree, he was also required to save the plaintiff, Mary Slaughter, harmless on the note. Mary Slaughter was also awarded alimony in a sum equal to the continuing mortgage indebtedness.

In 1994, the appellee, Mary Slaughter, entered into a contract to sell the property in question. She requested the appellant, Arthur Slaughter, to release the deed of trust. He refused. This action resulted.[2]

There was no demand for payment until the summer of 1994. No written extension of the deed of trust was ever executed or recorded and no monetary payments were ever made either on principal or interest. The particular loan in question was one of several substantial loans made by the appellant to his son, Frank L. Slaughter. The aggregate amount of the loans exceeded $700,000.00.

Frank L. Slaughter testified that he had performed legal services for his father over many years which were intended to ultimately be a credit toward his total indebtedness to his father. No bills were ever submitted and no records of the charges for legal services were kept. He further testified that at some point in time, possibly even after his father's death, he would assess the total value of his services and "settle up." No specific credit was ever given by the appellant to any of the loans including the loan to Frank and Mary Slaughter which gave rise to this action. He further testified that after the July 1, 1991, divorce, he told the appellant that credit for any future legal services were to be credited against the debt in question. No specific credits were ever given or claimed.

T.C.A. § 28–2–111 provides in part as follows:

**28–2–111. Period of validity of liens— Extension.**—(a) Liens on realty, equitable

---

1. The record reflects that there were two court reporters present apparently throughout the trial. It should be noted that this procedure is irregular and not in keeping with the mandates of T.C.A. § 20–9–101 which provides as follows:

    Upon the trial of any cause or proceeding in any court of record, upon the request of either party, the judge of such court shall appoint a competent court reporter, who shall first be duly sworn to make a true, impartial, and complete stenographic report of all the oral testimony given in trial of such cause or proceeding, as well as the rulings of the judge. The party or parties at whose instance a court reporter is employed is responsible for the court reporter's compensation. *See* T.C.A. 20–9–103.

A court reporter is not an employee of an attorney or attorneys but rather is an officer of the court appointed by the judge. We recognize that it is customary for attorneys to select court reporters to record the proceedings and share the expenses without the formality of an appointment by the judge. If, however, the parties cannot agree as to who shall be the official reporter, the judge should exercise his power of appointment rather than allow two reporters to record the same case.

2. The parties subsequently agreed that the appellant would release the lien upon the proceeds of sale being placed in escrow pending a determination of the appellant's claimed lien.

or retained in favor of vendor on the face of the deed, also liens of mortgages, deeds of trust, and assignments of realty executed to secure debts, shall be barred, and the liens discharged, unless suits to enforce the same be brought within ten (10) years from the maturity of the debt.

\*     \*     \*     \*     \*     \*

(c) Original liens on realty retained in favor of vendors on the face of a deed, also original liens of mortgages, deeds of trust, and assignments of realty executed to secure debts, may be extended without their priority or legal effectiveness being in any way impaired, for any period of time agreed upon and beyond the ten (10) year period from the maturity of the obligation or debt, as provided for in subsection (a); such extension shall be evidenced by a written instrument, which shall, prior to or within ten (10) years from the maturity of the obligation or debt, be duly executed and acknowledged and be filed for record with the register of the county in which the realty affected is located and be there recorded, all in accordance with the statutes of this state in that regard; and when so filed for record such instrument of extension shall be constructive notice to all persons, as provided by the registration laws of this state; and such instrument shall contain a brief recital of the facts with reference to the original lien and shall provide that the lien shall continue, for a definite period of time in the future, to secure the remaining obligation or debt due under and secured by the original lien, and it shall not be necessary that there be any increase or decrease in the terms of the original obligation either of principal or interest.

■ In our analysis of this case it is necessary that we first determine when the debt matured. T.C.A. § 28-1-102 provides as follows:

    **28-1-102. Commencement at time of right to make demand.**—When a right

exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand.

The foregoing section of the code has been addressed in several decisions by the appellate courts in this jurisdiction. Our Supreme Court and the Court of Appeals have consistently held that, as related to the above, the statute of limitations begins to run against a note payable on demand from the date of the note and not from the date of demand. *See e.g., First National Bank of Sparta v. Hunter,* 22 Tenn.App. 626, 125 S.W.2d 183 (1938) and other citations therein. It, therefore, follows that the date of maturity of the note in question was the date of its execution and a suit to enforce the lien securing the indebtedness evidenced by the note was not brought within (10) years from the maturity of the debt. Further, no extension was filed as required by section (c) of the statute which would have preserved the vitality of the lien.

In *Peoples Bank & Trust Co. v. Chumbley,* 174 Tenn. 581, 129 S.W.2d 213 (1939), the Supreme Court in interpreting T.C.A. § 28-2-111 made the following observation:

    The language of the statute is "plain, positive, and unyielding," as said in [*Union & Planters'*] *Bank v. Smith,* 107 Tenn., 476, 483, 64 S.W., 756, 758. [ (1901) ]. The Legislature having specified the one exception to the bar of the statute, it is beyond the power of the courts to create another.[3]

*Peoples Bank & Trust Co.,* 129 S.W.2d at page 214.

■ If we should agree (which we do not) that the legal services alleged to have been rendered were payments on the underlying indebtedness secured by the trust deed, nevertheless, the lien of the trust deed is lost. It has been held that payment of principal or interest may toll the statute of limitations relating to an indebtedness. *See Hall v. Skidmore,* 26 Tenn.App. 189, 168 S.W.2d 800

---

**3.** The exception to which the court refers is sub-

section (b) which has no application to the case

(1942).[4] This principle has not been applied, insofar as our research has revealed, to toll the statute of limitations placed on deeds of trust by T.C.A. § 28–2–111. It appears that *Peoples Bank & Trust Co. v. Chumbley,* supra, strictly applied, requires a contrary result. We so hold.

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant and this cause is remanded to the trial court for the collection thereof and any other and further action that may be required to carry out the judgment of the court.

GODDARD, P.J., and FRANKS, J., concur.

---

**4.** *Hall v. Skidmore* was overruled on other grounds in *Graves v. Sawyer,* 588 S.W.2d 542

(Tenn.1979).