ACCEPTED
06-15-00011-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/30/2015 9:48:09 PM
DEBBIE AUTREY
CLERK

No. 06-15-00011-CR

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/1/2015 8:56:00 AM
DEBBIE AUTREY
Clerk

**Terrence Lavon Davis,**                                                    *Appellant*

**v.**

**The State of Texas,**                                                      *State*

Appealed from the 202nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:   **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

| Terrence Lavon Davis, | § | Nos. 06-15-00011-CR |
| *Appellant* | § | |
| | § | |
| v. | § | |
| | § | |
| The State of Texas, | § | |
| *State* | § | BRIEF FOR THE STATE |
| | § | |

## Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1.  Defendant and Appellant:

    **Terrence Lavon Davis**

2.  Attorneys for Appellant on appeal:

    **Alwin A. Smith**
    602 Pine Street
    Texarkana, Texas 75503

3.  Attorneys for Appellant at trial:

    **Rick Shumaker**
    Public Defender's Office

i

4.  Attorney for the State of Texas at trial:

    **Michael Shepherd**
    **Lauren Sutton**
    Assistant District Attorneys
    Bowie County, Texas
    601 Main Street
    Texarkana, Texas 75501

5.  Attorney for the State of Texas on appeal:

    **Lauren N. Richards**
    Assistant District Attorney
    Texas Bar No. 24079421
    601 Main Street
    Texarkana, Texas 75501
    Lauren.sutton@txkusa.org

6.  Presiding Judge at trial:

    **The Honorable Leon F. Pesek, Jr.**
    District Court Judge
    202nd Judicial District
    Bowie County, Texas
    Bi-State Justice Building
    100 North State Line Avenue
    Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ........................................................................i-ii

Table of Contents ........................................................................................... iii

Index of Authorities ..................................................................................... iv-v

Statement of the Case........................................................................................1

Reply to Points of Error ...................................................................................2

Argument........................................................................................................ 3-18

      Reply to Point of Error Number One ............................................... 3-7
      *The accomplice witness testimony was sufficiently corroborated*
      *by other testimony and evidence.*

      Reply to Point of Error Number Two ............................................. 7-14
      *The jury was properly instructed on accomplice witness*
      *testimony, but any error in the charge did not egregiously harm*
      *the Appellant*

      Reply to Point of Error Number Three ........................................ 15-18
      *The trial court did not abuse its discretion in denying the*
      *Appellant's motion for continuance.*

Prayer for Relief............................................................................................19

Certificate of Compliance ..............................................................................20

Certificate of Service .....................................................................................21

# Index of Authorities

**<u>Cases</u>**

*Abdnor v. State*, 871 S.W.2d 726 (Tex. Crim. App. 1984)..............................8,10,11

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g)8,10,11,12,13

*Bailey v. State*, 867 S.W.2d 42 (Tex.Crim.App.1993) ............................................11

*Boones v. State*, 170 S.W.3d 653 (Tex. App.—Texarkana 2005, no pet. ...............11

*Dinkins v. State*, 894 S.W.2d 330 (Tex. Crim. App. 1995) .......................................8

*Dowhitt v. State*, 931 S.W.2d 244 (Tex. Crim. App. 1996).......................................4

*Gallo v. State*, 239 S.W.3d 757 (Tex. Crim. App. 2007) ........................................15

*Gill v. State,* 873 S.W.2d 45 (Tex. Crim. App. 1994) ............................................3,4

*Hall v. State*, 161 S.W.3d 142 (Tex. App.—Texarkana 2005, pet. ref'd).................4

*Hamann v. State*, 428 S.W.3d 221 (Tex. App.–Houston [1st Dist.] 2014, pet. ref d)17

*Holladay v. State*, 709 S.W.2d 194 (Tex.Crim.App.1986)......................................10

*Hutch v. State*, 922 S.W.2d 116 (Tex. Crim. App. 1996)...................................12,13

*Munoz v. State*, 853 S.W.2d 558 (Tex. Crim. App. 1993).........................................4

*Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005)..............................................8

*Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988)............................................4

*Rudd v. State*, 921 S.W.2d 370 (Tex. App. – Texarkana 1996, pet. ref'd)..............11

*Saunders v. State*, 817 S.W.2d 688 (Tex. Crim. App. 1991)...................................11

**Texas Code of Criminal Procedure**

Tex. Code Crim. Proc. art. 38.14 ...........................................................................3

# Statement of the Case

Appellant, Terrence Lavon Davis was found guilty by a jury of aggravated robbery, a first degree felony. The jury assessed punishment at fifty-five (55) years to be served consecutively in the Texas Department of Criminal Justice-Institutional Division, and a $10,000 fine. The Judge sentenced the Appellant accordingly. Appellant then perfected appeal to this Honorable Court. He now appeals the punishment verdict of the trial court on three points of error.

# Reply to Points of Error

### REPLY TO POINT OF ERROR NUMBER ONE:

The accomplice witness testimony was sufficiently corroborated by other testimony and evidence.

### REPLY TO POINT OF ERROR NUMBER TWO:

The jury was properly instructed on accomplice witness testimony, but any error in the charge did not egregiously harm the Appellant.

### REPLY TO POINT OF ERROR NUMBER THREE:

The trial court did not abuse its discretion in denying the Appellant's motion for continuance.

## Argument

## <u>Reply to Point of Error One</u>

*The accomplice witness testimony was sufficiently corroborated by other testimony and evidence.*

In point of error number one, the Appellant argues that the State failed to corroborate the testimony of the accomplice with sufficient evidence. However, viewing the evidence presented at trial in a light most favorable to the jury verdict and eliminating the accomplice's testimony, the corroboration of the accomplice testimony is sufficient. The non-accomplice evidence tends to connect the Appellant to the commission of the aggravated robbery.

## Argument and Authorities

## A. Standard of Review

Under the accomplice witness rule, one cannot be convicted on the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed.[1] To determine the sufficiency of corroboration, the reviewing court must view the corroborating evidence in the light most favorable to the jury's verdict.[2] The test for weighing the sufficiency of corroborating evidence is to eliminate from consideration the accomplice's testimony, and then examine the remaining testimony and evidence

---

[1] Texas Code Crim. Proc. art. 38.14.
[2] *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

3

to determine if there is evidence that tends to connect the defendant with the commission of the offense.[3] The nonaccomplice evidence does not have to directly link the accused to the crime, does not have to establish guilt beyond a reasonable doubt, and need not prove all the elements of the alleged offense.[4] Such evidence may be either direct or circumstantial.[5]

Article 38.14 requires the corroboration of an accomplice's testimony, but it does not define the quality or quantity of evidence required to satisfy the corroboration requirement.[6] Texas courts have ultimately concluded that all that is required is "some non-accomplice evidence which tends to connect the accused to the commission of the offense alleged in the indictment."[7]

## B. Application of Law to Facts

Viewing the evidence presented at trial in a light most favorable to the jury verdict and eliminating the accomplice's testimony, the corroboration of the accomplice testimony was sufficient.

At trial, Calvin Whaley testified that he and the Appellant committed an armed robbery of the convenience store together. (R.R. Vol. 3, p. 60). Whaley stated that he and the Appellant went to "hit a lick," or commit a robbery. (R.R.

---

[3] *Munoz v. State*, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993); *Hall v. State*, 161 S.W.3d 142, 149 (Tex. App.—Texarkana 2005, pet. ref'd).
[4] *Gill*, 873 S.W.2d at 48; *Munoz*, 853 S.W.2d at 559.
[5] *Reed v. State*, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).
[6] *Dowhitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).
[7] *Gill*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).

Vol. 3, p. 75). The two men travelled to the E-Z Mart convenience store. (R.R. Vol. 3, p. 77). Then, once inside the store, the Appellant went to the counter and purchased some candy, then pulled out a firearm and pointed it at the clerk. (R.R. Vol. 3, p. 77-78). The surveillance video from the convenience store introduced into evidence, depicting two men robbing the store, in the manner which Whaley testified to. (R.R. Vol. 5, State's Exhibit 3).

As non-accomplice evidence tending to connect the Appellant to the offense, the State presented the testimony of the Appellant's girlfriend, Toni Rutledge. The State also introduced into evidence the pants the Appellant was wearing when he was arrested for the jury to view and make any comparisons with the pants worn by the man depicted in the surveillance video. (R.R. Vol. 5, State's Exhibits 10-13; 15). Still photographs from the surveillance video were also introduced into evidence for comparison with the defendant. (R.R. Vol. 5, State's Exhibit 14).

Toni Rutledge testified that she was in a relationship with the Appellant for nine years and is the father of her two children. (R.R. Vol. 3, p. 110-11). After being shown the surveillance video in open court, Ms. Rutledge testified that she recognized Terrance's voice to be the man holding the gun and threatening the clerk. (R.R. Vol. 3, p. 115). She further testified that Terrance is left-handed and the man with the gun held it in his left hand. (R.R. Vol. 3, p. 116). Ms. Rutledge also stated that she recognized the clothing that the Appellant was wearing in the

5

video and that the pants were distinctive because of their back pockets. (R.R. Vol. 3, p. 116-18). She also stated she recognized the Appellant in the video by the way he walks. (R.R. Vol. 3, p. 120-21). Ms. Rutledge was positive that it was the Appellant in the video. (R.R. Vol. 3, p. 121). Detective Brad Thacker testified that the pants the Appellant was wearing when he was arrested were similar and consistent with the pants worn by the suspect with the gun in the surveillance video. (R.R. Vol. 3, p. 141). During Thacker's testimony, a video was played which included a portion of the Appellant's interview after he was arrested and then an audio clip taken from the surveillance video. (R.R. Vol. 3, p. 153-54). During the interview with Appellant, Detective Thacker has asked him to repeat a specific phrase used by the suspect with the gun in the surveillance video. (R.R. Vol. 3, p. 154). From this testimony and evidence, the jury was able to make a comparison on their own and come to a determination as to whether or not the voice of the suspect in the video was the Appellant's voice. Detective Thacker also testified that after conducting the interview with Appellant and hearing the Appellant repeat the specific phrase, it was Thacker's opinion that the Appellant's voice matched that of the suspect on the video. (R.R. Vol. 3, p. 156).

Eliminating the testimony of the accomplice, Calvin Whaley, and examining the remaining testimony and evidence, there is some evidence which tends to connect the Appellant to the commission of the crime.

## C. Conclusion

While the nonaccomplice evidence may not establish guilt beyond a reasonable doubt, or may not prove all of the elements of the alleged offense by itself, it does tend to connect the Appellant with the commission of the offense as required. Therefore, the nonaccomplice evidence is sufficient to corroborate the accomplice testimony.

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Two

*The jury was properly instructed on accomplice witness testimony, but any error in the charge did not egregiously harm the Appellant*

In point of error number two, Appellant argues the trial court's instructions to the jury on accomplice testimony was insufficient. However, the court's instruction was sufficient and the Appellant made no objections to the jury charge as submitted. Taking into account the charge itself, the state of the evidence including contested issues and the weight of the probative evidence, arguments of counsel, and any other relevant information revealed by the record of the trial as a whole, the Appellant did not suffer egregious harm.

## Argument and Authorities

### A. Standard of Review

Appellate review of a purported error in the jury charge involves a two-step process. [8] First, the reviewing court must determine whether the jury instruction is erroneous.[9]   Second, if error occurred, then an appellate court must analyze that error for harm.[10]   In examining the charge for possible error, reviewing courts "must examine the charge as a whole instead of a series of isolated and unrelated statements."[11]

When jury instruction errors occur, review of the charge is under the *Almanza* standard.[12]   An erroneous jury charge does not result in automatic reversal of the conviction or punishment.[13] Instead, sufficient harm must have resulted from the error to require reversal.[14]

### B. Application of Law to Facts

A jury instruction on corroboration of accomplice witness testimony was given to the jury in the court's charge:

---

[8] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), overruled on other grounds by *Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988).

[9] *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

[10] *Id.* at 744.

[11] *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995).

[12] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

[13] *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1984).

[14] *Id.* at 731-32; *Almanza*, 686 S.W.2d at 171.

"The witness, Calvin Whaley, is an accomplice, if an offense was committed, and you cannot convict the defendant upon his testimony unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside the evidence of Calvin Whaley tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him. (C.R. p. 71).

The Appellant complains on appeal that the instruction was erroneous because it limited the jury's inquiry as to the corroboration required to "other testimony" instead of to "other evidence." Appellant asserts that the instruction focused on whether there was other "testimony," and therefore, in effect, the trial court in told the jury that it must find the Appellant guilty because of the testimony of Toni Rutledge. However, as previously discussed in point of error number one, there was also testimony presented from Detective Brad Thacker that it was his opinion the voice of the Appellant matched that of the suspect in the video.

9

The Texas Court of Criminal Appeals has held an accomplice witness instruction is sufficient if it instructs the jury that, "before it could find the appellant guilty of the offense ..., it had to find (1) that the offense itself had been committed; (2) that the accomplice witness['s] testimony was truthful; (3) that [the accomplice witness's] testimony itself showed that the appellant was guilty of the offense ...; (4) that there was other evidence, outside of [the accomplice witness's] testimony, that tended to connect the appellant to the commission of the offense ...; and (5) from all of the evidence, including the accomplice witness' testimony, it believed that the appellant was guilty beyond a reasonable doubt of committing the offense...."[15] This test is met by the trial court's instruction in this case. Therefore, there was no error in the jury charge.

## C. Harm Analysis

However, assuming *arguendo*, this Court finds there was a jury charge error, review of the charge is under the *Almanza* standard.[16] An erroneous jury charge does not result in automatic reversal of the conviction or punishment.[17] Instead, sufficient harm must have resulted from the error to require reversal.[18]

The level of harm an appellant must demonstrate as having resulted from the erroneous jury instruction depends on whether the appellant properly objected to

---

[15] *Holladay v. State,* 709 S.W.2d 194, 201-02 (Tex. Crim. App. 1986).
[16] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).
[17] *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1984).
[18] *Id.* at 731-32; *Almanza*, 686 S.W.2d at 171.

the error.[19] When a proper objection is made at trial, reversal is required if the error is "calculated to injure the rights of defendant"—the appellant need only demonstrate "some harm" on appeal.[20] In the case of unpreserved error, reversal is required only when "the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'"[21] "Egregious harm" results from errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive.[22]

In either event, when conducting a harm analysis the reviewing court may consider the following four factors: 1) the charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and, 4) any other relevant information revealed by the record of the trial as a whole.[23]

At trial, when asked if the defense had any objections to the charge, Appellant's counsel stated, "The only objection we would have, Judge, is that there's no evidence to warrant the submission of this case to the jury again, that there's no evidence to warrant the submission of an accomplice corroboration

---

[19] *Abdnor*, 871 S.W.2d at 732.

[20] *Id*.; see also *Almanza*, 686 S.W.2d at 171.

[21] *Almanza*, 686 S.W.2d at 171; see *Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App.—Texarkana 1996, pet. ref'd).

[22] *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991); *Boones v. State*, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.).

[23] *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Cr.App.1993) (citing *Almanza*).

instructions." (R.R. Vol. 4, p. 6). The objection was not that the accomplice instruction was insufficient or lacking in any way, but rather that the State had not presented sufficient evidence to warrant submission of the case to the jury. Therefore, the defendant did not properly object to the jury charge.

Appellant argues that he properly objected to the jury charge error. The Appellant's argument on appeal is that the jury charge misstated the law. However, at trial, the Appellant's objection was not that the charge misstated the law. In fact, the Appellant was objecting because she felt the evidence was insufficient to warrant submission of the case to the jury. Appellant also failed to object during the court's reading of the charge the jury that it was a misstatement of the law.

Since error was not preserved, reversal is not required unless "the error is so egregious and created such harm that [the defendant] 'has not had a fair and impartial trial' – in short 'egregious harm.'"[24] "Errors which result in egregious harm are those which affect 'the very basis of the case,' deprive the defendant of a 'valuable right,' or 'vitally affect a defensive theory'."[25] Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis.[26]

---

[24] *Almanza,* 686 S.W.2d at 171; see *Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App. – Texarkana 1996, pet. ref'd).
[25] *Hutch v. State*, 922 S.W.2d 116, 171 (Tex. Crim. App. 1996)(quoting *Almanza*)
[26] *Id.*

The charge itself laid out the properly applicable law and required the jury to find all of the elements of the crime were proven beyond a reasonable doubt. As previously addressed in point of error number one, the State presented testimony of Toni Rutledge, Detective Brad Thacker, and also introduced exhibits into evidence which enabled the jury to make its own determination of identity.

The State emphasized during closing argument what was required to corroborate accomplice testimony:

"The law does not require that, absent Calvin's testimony, the other evidence we present prove to you beyond a reasonable doubt. That's not what the law is. The law says that if you believe Calvin's testimony and that there is other evidence, any evidence, which we've presented to you, then you consider all the evidence, and using all of the evidence, if you're convinced beyond a reasonable doubt of his guilt, then a conviction can stand." (R.R. Vol. 4, p. 19).

The defense counsel addressed accomplice testimony in his closing argument in the following way:

"This evidence that tends to connect him to the commission of the offense has still got to be competent, credible and believable. They just ccan't get Calvin Whaley and say, okay, he did it, and then bring somebody in here that's not competent, credible and worthy of believing and say, oh, yeah, that's his voice on tape. You still have to believe it, and you have to find it competent and credible."

13

(R.R. Vol. 4, p. 23). The defense counsel further stated, "They must have other evidence that tends to connect Mr. Davis with the commission of this offense." (R.R. Vol. 4, p .25).

Evaluating the charge itself. the state of the evidence including contested issues and the weight of the probative evidence, arguments of counsel; and any other relevant information revealed by the record of the trial as a whole, this Court can be assured any error in the jury charge did not result in egregious harm to the Appellant.

## C. Conclusion

The accomplice witness instruction given to the jury was sufficient. Because the Appellant failed to object to the jury charge, if there was any error in the charge, he must have suffered egregious harm as a result to warrant reversal. However, a review of the record and evidence presented at trial demonstrates the Appellant was not egregiously harmed.

For these reasons, Appellant's second point of error should be overruled.

## Reply to Point of Error Three

*The trial court did not abuse its discretion in denying the Appellant's motion for continuance.*

In point of error number three, Appellant argues the trial court erred in denying his motion for continuance. Appellant alleges prosecutorial misconduct in the form of misleading defense counsel regarding the testimony of the witness Toni Rutledge. However, the State gave notice to the defense counsel that Ms. Rutledge was a witness. Because the defense has failed to show he was actually prejudiced by the trial court's ruling, it was not an abuse of discretion for the court to deny the motion for continuance.

## Argument and Authorities

### A. Standard of Review

A trial court's decision to deny a motion for continuance is reviewed under an abuse of discretion standard.[27] To establish an abuse of discretion when the trial court denies a motion for continuance, there must be a showing that the defendant was actually prejudiced by the denial of his motion.[28]

### B. Application of Law to Facts

At trial, Defense counsel stated they received the State's witness list on November 20, 2014, which listed Toni Rutledge as the defendant's girlfriend.

---

[27] *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).
[28] *Id*.

15

(R.R. Vol. 3, p. 7; R.R. Vol. 5, p. 64-Defense Exhibit 1). Likewise, defense counsel said they had previously made attempts to contact Ms. Rutledge to speak with her, but that she had refused to speak to them. (R.R. Vol. 3, p. 53).

On December 3, 2014, Appellant filed a "Formal Request for Compliance with Article 39.14 of the Texas Code of Criminal Procedure." (C.R. p. 47). The following day, on December 4, 2014, the Appellant filed an Amended request, with the only addition being a item "J"- a request for the disclosure of the "name, address and telephone number of any person or persons who may attempt to testify to an in-court or out of court identification of the Defendant and the basis for such." (C.R. p. 49). On December 9, 2014, prior to jury selection, the trial counsel took up the defense's motion in limine (R.R. Vol. 2, p. 5). In that motion, the defense sought to prohibit the State from calling any witness in an attempt to identify any voiced on the audio tape from the E-Z Mart surveillance video. (R.R. Vol. 2, p. 5).

The defendant was clearly aware witnesses would be making identifications of the Defendant, as evidenced by the addition of the additional request. The State did provide the defendant with the name, address and phone number of Ms. Rutledge. The witness list also indicated Ms. Rutledge was the Appellant's girlfriend. It is reasonable to conclude that a woman in a relationship with the Appellant would have a sufficient, personal knowledge basis for identifying him.

16

The State did not intentionally deceive the defense counsel as to the testimony of Ms. Rutledge. Simply because the Appellant claims he did not receive sufficient notice of the substance of Ms. Rutledge's testimony, does not mean he could not have anticipated such. Additionally, even when an Appellant argues he could not anticipate the witnesses' testimony, that factor is not, by itself, determinative of whether the trial court abused its discretion.

In examining whether the defense reasonably could have anticipated the witness's testimony, the reviewing court will generally consider the degrees of surprise to the defendant, disadvantage inherent in that surprise, and the trial court's ability to remedy the issue, such as by granting a recess or postponement.[29]

The Appellant was not surprised that Ms. Rutledge was to be called as a witness as she was listed on the State's witness list. The Appellant is arguing that he was surprised by the content of her testimony. However, as previously discussed, based on the filings of defense counsel and arguments made at trial, it is evident there was awareness that witnesses would be identifying the Appellant.

Appellant argues that the State intentionally misinformed the Appellant what Ms. Rutledge would only be testifying for a limited purpose. This is simply incorrect. Ms. Rutledge is listed on the witness list, along with all of the other State's witnesses. Ms. Rutledge is listed as a witness to an extraneous offense in

---

[29] *Hamann v. State,* 428 S.W.3d 221, 228 (Tex. App.–Houston [1st Dist.] 2014, pet. ref d).

the State's notice of intention to use extraneous offenses at trial. But there is nothing in the record or on file which indicates that Ms. Rutledge would only be testifying to the singular extraneous offense. Appellant claims that had the State not misinformed defense counsel as to Ms. Rutledge's testimony, he would have pursued an interview with the witness. The defense counsel did pursue an interview with the witness, and the witness chose not to speak with defense counsel. (R.R. Vol. 2, p. 53). Additionally, the Appellant was given the opportunity to cross-examine Ms. Rutledge on the sufficiency of her identification of the Appellant and her credibility. (R.R. Vol. 4, p. 122-29).

## C. Conclusion

Upon a review of the record, this Court can conclude that the trial court did not abuse its discretion in denying appellant's motion for continuance. Appellant's contention that he was harmed due to alleged prosecutorial misconduct related to disclosure of witness testimony is without merit.

For these reasons, Appellant's third point of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


\_\_/s/Lauren N. Sutton_____
By: Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 3,702 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Al Smith, Attorney for Appellant, on this the 30th day of September, 2015.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**